Filed 4/12/16  P. v. Posada CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C079119 |
| Plaintiff and Respondent, | (Super. Ct. No. 62081814A) |
| v. | |
| DONALD ROBERT POSADA, | |
| Defendant and Appellant. | |

Defendant Donald Robert Posada appeals from the trial court's denial of his petition for resentencing under the provisions of Proposition 47.  (Pen. Code, § 1170.18.)  Defendant acknowledges that, on its face, Proposition 47 does not apply to his sentences for *transportation* of controlled substances under Health and Safety Code sections 11352 and 11379.[1]  Instead, he argues that, given recent statutory amendments, his convictions should be treated as if they were for *possession* of a controlled substance under sections

---

[1] Undesignated statutory references are to the Health and Safety Code.

1

11350 and 11377, offenses that are eligible for resentencing under Proposition 47. The 2013 statutory amendments[2] defendant relies on eliminate the crime of transportation for personal use. Defendant contends these amendments clarified rather than changed existing law, and therefore may be applied to his convictions. He also argues the trial court's denial of his request for resentencing violated his right to equal protection under the Fourteenth Amendment because he is similarly situated to individuals who were sentenced under these recent statutory changes. We disagree. Several decades ago, our Supreme Court interpreted the word "transports" to include transport of controlled substances for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135.) The Legislature's decision to limit transportation of a controlled substance to transportation for sale was a change in the law that applies prospectively. Accordingly, we affirm the trial court's order.

## I. BACKGROUND[3]

On July 8, 2008, Deputy Sheriff Gregg Hopping stopped defendant for speeding and driving a vehicle without license plates. While they were conversing, Deputy Hopping detected a strong odor of alcohol and observed open bottles in a beer box or case in the back seat. Concerned that defendant may have consumed alcohol and that there were open containers in the vehicle, Deputy Hopping asked defendant to step out of the car and defendant complied. Deputy Hopping arrested defendant's passenger after searching the passenger and finding a glass methamphetamine pipe. A second methamphetamine pipe was found in the interior of the car. An inventory search of the car uncovered a cosmetic bag that contained a third pipe, five white tablets Deputy

---

[2] The parties refer to these amendments as the "2014 amendment." The amendments were enacted in 2013 and effective January 1, 2014. (Stats. 2013, ch. 504.)

[3] The only evidence in the record regarding the facts underlying defendant's convictions come from the transcript of a hearing on defendant's motion to suppress.

Hopping believed to be Vicodin, and two blue tablets.  While Deputy Hopping booked defendant into jail, a baggie of what Deputy Hopping believed to be methamphetamine fell out defendant's sock.

In October 2009, as part of a negotiated plea agreement, defendant was convicted of one count of transportation of a controlled substance under section 11352 and two counts of transportation of a controlled substance under section 11379.  He also admitted one prior strike and one prior prison term within the meaning of Penal Code section 667.5.  The court sentenced defendant to a total term of 15 years in prison.

On October 17, 2011, this court affirmed the trial court's ruling on defendant's motion to suppress and *Pitchess* motion.  Remittitur issued on December 19, 2011.

Three years later, defendant wrote a letter to the superior court about the possibility of resentencing under Proposition 47.  The letter was forwarded to the public defender's office.

On January 15, 2015, defendant's counsel filed a petition for resentencing pursuant to Penal Code section 1170.18, subdivision (a), requesting that the court reduce defendant's convictions under sections 11352 and 11379 to misdemeanor offenses.  Defendant filed a similar petition on his own behalf.  His counsel filed a memorandum of points and authorities in support of the petition for resentencing, arguing that, based on the recent amendments to sections 11352 and 11379 and the facts underlying defendant's convictions, current law would only support a charge of possession:  "While the former charges of transportation for personal use were not specifically listed under Proposition 47, the defense submits that to deny Mr. Posada resentencing to misdemeanors under these circumstances would deny Mr. Posada equal protection of the laws."

On March 10, 2015, defendant's counsel also filed a petition for writ of habeas corpus in the superior court, seeking reduction of defendant's convictions to misdemeanors.

On April 16, 2015, the court denied the petitions for resentencing and the writ of habeas corpus. It ruled that the amendments to sections 11352 and 11379 did not apply to defendant because his convictions were final when the amendments went into effect. Therefore, defendant was not eligible for resentencing under Penal Code section 1170.18. Further, "because the petitioner's conviction in this case for 'transportation' of a controlled substance is a different class of crime than persons who simply possess a controlled substance, the Court finds there is no violation of equal protection."

Defendant timely appealed.

## II. DISCUSSION

A.    *Applicability of Amendments to Health and Safety Code Sections 11352 and 11379*

Defendant argues he could only have been convicted of simple possession if the 2013 amendments to sections 11352 and 11379 had been applied to him and, accordingly, he should be eligible for resentencing under Proposition 47. Proposition 47 created Penal Code section 1170.18, which provides that any defendant "currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (Pen. Code, § 1170.18, subd. (a).) The offenses that Proposition 47 reduced to misdemeanors include sections prohibiting simple possession, but do not include the transportation offenses for which defendant was convicted. (Pen. Code, § 1170.18, subd. (a).)

Defendant was convicted of transportation of a controlled substance under sections 11352 and 11379. As relevant to defendant, these sections provide that any person who "transports" specified controlled substances shall be punished by imprisonment. (§§ 11352, subd. (a), 11379, subd. (a).) After defendant's conviction was final, the Legislature amended these statutes to define "transports" as only applying "to transport

4

for sale." (§§ 11352, subd. (c), 11379, subd. (c); Stats. 2013, ch. 504, §§ 1, 2.)
Defendant concedes that prior to these amendments, our Supreme Court had interpreted
the word "transports" in virtually identical prohibitions regarding transportation of
marijuana to also include transportation for personal use. (*People v. Rogers, supra,* 5
Cal.3d at pp. 133-135.) For several decades, this is how courts interpreted sections 11352
and 11379. (See *People v. Eastman* (1993) 13 Cal.App.4th 668, 676, fn. 8 [noting that
the statute interpreted by *People v. Rogers* "was essentially identical to section 11379 in
its prohibitions against the transportation of contraband"]; *People v. Cortez* (1985) 166
Cal.App.3d 994, 997-998 [stating it is bound by *People v. Rogers* to interpret section
11352 to include transportation of heroin for personal use].)

Defendant argues that the amendments to sections 11352 and 11379 apply to him
because they clarified rather than changed existing law. As a general matter, "[a] statute
that merely clarifies, rather than changes, existing law is properly applied to transactions
predating its enactment." (*Carter v. Cal. Dept. of Veterans Affairs* (2006) 38 Cal.4th 914,
922.) Defendant relies upon two documents from the legislative process to support his
argument that the elimination of transportation for personal use simply clarified existing
law: (1) An argument in support of the bill offered by the California Attorneys for
Criminal Justice expressing disapproval of *People v. Rogers* and stating that the
amendments "will correct the unwarranted interpretation" (Sen. Rules Com., Off. of Sen.
Floor Analyses, 3d reading analysis of Assem. Bill No. 721 (2013-2014 Reg. Sess.) as
amended June 27, 2013, p. 4), and (2) a quote from the author of the bill stating it "would
clarify the Legislature's intent" regarding an "ambiguity in state law" (concurrence in
Sen. Amends., Assem. Bill No. 721 (2013-2014 Reg. Sess.) as amended June 27, 2013).
We find these materials unpersuasive. The first piece of legislative history is, contrary to
defendant's argument, consistent with the fact that the amendments *changed* existing law,
and is thus of no assistance to defendant. As to the second, "[i]t is true that if the courts
have not yet finally and conclusively interpreted a statute and are in the process of doing

5

so, a declaration of a later Legislature as to what an earlier Legislature intended is entitled to consideration." (*McClung v. Employment Development Dept.* (2004) 34 Cal.4th 467, 473, citing *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 244.) Here, the statement that there was an ambiguity in state law at the time of the proposed amendments was incorrect because our Supreme Court had clarified that transportation of a controlled substance could include transportation for personal use.

The judicial branch interprets laws enacted by the legislative and executive branches of government, and those judicial interpretations are conclusive unless the Legislature or the People change the substantive law. "The judicial power of this State is vested in the Supreme Court, courts of appeal, and superior courts, all of which are courts of record." (Cal. Const., art. VI, § 1.) "Subject to constitutional constraints, the Legislature may enact legislation. [Citation.] But the judicial branch *interprets* that legislation." (*McClung v. Employment Development Dept., supra,* 34 Cal.4th at p. 472.) And because our Supreme Court had already decided that transportation could include transportation for personal use, the laws at issue in this case were not ambiguous. (See *People v. Rogers, supra,* 5 Cal.3d at pp. 134-135.) The 2013 legislative amendments eliminating the crime of transportation for personal use changed existing law and cannot be applied to defendant's convictions.

Defendant makes various assertions regarding the Legislature's actions in passing the amendments that reflect a misunderstanding of our system of government, including: (1) "[t]he Legislature has now clarified the point that *Rogers* was incorrectly decided," (2) "the Legislature did not consider its holding to be definitive," and (3) "the analyst, writing on behalf of the Legislature, considered the *Rogers* holding to be merely one possible view of the transportation statutes, as distinct from a final or definitive interpretation." When our Supreme Court has finally and definitively ruled on an issue, the Legislature cannot declare that the ruling was not definitive or "merely one possible

6

view" of the law.**4**  Nor does the Legislature then have the power to state that the law is ambiguous and a later amendment merely clarified existing law.  (See *Carter v. Cal. Dept. of Veterans Affairs, supra,* 38 Cal.4th at p. 922 ["When this court 'finally and definitively' interprets a statute, the Legislature does not have the power to then state that a later amendment merely declared existing law"].)

B.      *Equal Protection*

Because the amendments eliminating the crime of transportation for personal use were not declaratory of existing law and do not apply to defendant's convictions, his equal protection argument also fails.  " 'The equal protection guarantees of the Fourteenth Amendment and the California Constitution are substantially equivalent and analyzed in a similar fashion.  [Citations.]'  [Citations.]  We first ask whether the two classes are similarly situated with respect to the purpose of the law in question, but are treated differently." (*People v. Lynch* (2012) 209 Cal.App.4th 353, 359.)  In other words, "a threshold requirement of any meritorious equal protection claim 'is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.  [Citaions.]'  [Citations.]  'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." [Citation.]' " (*People v. Guzman* (2005) 35 Cal.4th 577, 591-592.)  Defendant asserts he is similarly situated to individuals recently convicted of possession of controlled substances because the only difference is that he was convicted before "the Legislature explained the *Rogers* majority's mistake."  On the contrary, defendant was properly convicted of transportation for personal use as our Supreme Court had interpreted the scope of a transportation offense.  The fact that the Legislature has since changed the law does not make the defendant similarly situated with individuals

_____

**4**  Nor are we convinced the Legislature attempted to do this.  The quotations cited by defendant are not stated so strongly and were not formally adopted by the Legislature.

convicted under the current law.  " 'The Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.'  [Citation.]  The same rule applies to changes in sentencing law that benefit defendants." (*People v. Lynch, supra,* 209 Cal.App.4th at p. 359.)  Because defendant is not similarly situated with individuals sentenced under the recent legislative amendments, his treatment does not offend equal protection.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.


/S/

RENNER, J.



We concur:


/S/

RAYE, P. J.


/S/

NICHOLSON, J.